## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Bersain Francisco Perez De Leon**

   v.

                              Case No. 1:25-cv-424-PB-TSM
                              Opinion No. 2026 DNH 089

**Richard Luna, Warden,**
**FCI Berlin, et al.**

## MEMORANDUM AND ORDER

Disappointed with Immigration and Customs Enforcement ("ICE")'s decision to continue his detention following this Court's order of further review, Bersain Francisco Perez De Leon protests the pending dismissal of his petition for a writ of habeas corpus. His arguments for additional relief lack merit and his petition is dismissed.

## I.  BACKGROUND

De Leon petitioned this Court for a writ of habeas corpus in October 2025. Doc. 1. He principally asserted his entitlement to immediate release under Zadvydas v. Davis, 533 U.S. 678 (2001). Doc. 15 at 3-4. In the alternative, De Leon argued that ICE erred in failing to review his custody status after 180 days as required by 8 C.F.R. § 241.4. Id. at 4-6. After De Leon and the government briefed both issues, I conditionally granted De Leon's petition. Doc. 18 at 16. While concluding that De Leon's arguments invoking

Zadvydas were foreclosed by the First Circuit's decision in G.P. v. Garland, 103 F.4th 898 (1st Cir. 2024), I agreed that ICE violated its regulations and De Leon's procedural due process rights by failing to conduct a 180-day review of his custody. See Doc. 18 at 4-15. Accordingly, I ordered ICE to review his custody status in a manner consistent with the applicable regulations. Id. at 16 (citing 8 C.F.R. § 241.4(d)-(f), (h), (k)(2)(ii)).

A week later, ICE purported to comply with my order by reviewing De Leon's custody status and issued a written "Decision to Continue Detention." Doc. 20 at 1. According to the government, De Leon's counsel attempted to submit documents related to that review later the same day, only after ICE had issued its decision. Id. The government agreed to reconsider its conclusion in light of the documents' submission. Id.

Ten days later, ICE notified De Leon that it had reached the same conclusion. Doc. 21-1 at 1. In its second Decision to Continue Detention, ICE summarized De Leon's history of apprehensions, removals, and immigration litigation at length. See id. At bottom, ICE explained its refusal to release De Leon in one sentence:

> You have entered the United States without inspection or admission on three separate occasions as well as you have been removed from the United States on two prior occasions which makes you a flight risk if you were to be released from ICE custody.

Id. De Leon was served with the decision but refused to sign it. Doc. 21 at 1.

Because the government appeared to have complied with my order of conditional habeas relief, I directed De Leon to show cause why his petition should not be dismissed. Doc. 22. De Leon filed a response asserting, essentially, that ICE's custody review did not comply with my order and sought immediate release. Doc. 23. Following a status conference, the government briefed its opposition to De Leon's position, arguing that his petition should be dismissed. Doc. 25. Those arguments are before me now.

## II.  STANDARD OF REVIEW

When a person is held "in custody in violation of the Constitution or laws or treaties of the United States," habeas corpus relief is appropriate. 28 U.S.C. § 2241(c)(3). The habeas petitioner carries the burden of proving that his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention is on the petitioner."). If a petition "present[s] only issues of law," it may be resolved on the merits without a hearing. See 28 U.S.C. § 2243; see also R. Governing Section 2254 Cases 8(a); LR 7.4(c).

## III.  ANALYSIS

While difficult to follow, De Leon's arguments against his petition's dismissal appear to be threefold. None are persuasive.

First, De Leon seemingly recycles the same Zadvydas-based arguments that I rejected in my original order. See Doc. 18 at 4-8. As I explained there,

neither De Leon's prognostication about the odds of his success in appealing his removal order to the First Circuit, nor that court's stay on his removal pending that appeal, give rise to a viable Zadvydas claim. See id. (citing G.P., 103 F.4th at 900-05). De Leon does not point to any change in circumstances since my April decision that would support a different conclusion.

Second, De Leon asserts that ICE's delayed custody review was "[p]recursory" because it "relie[d] on conclusory assertions rather than individualized findings" and "fail[ed] to meaningfully address" his evidence in support of release. Doc. 23 at 4-5. But De Leon's characterization of ICE's reasoning is belied by the text of the decision itself, which details his repeated removals and reentries and identifies them as reasons to deem him a flight risk. Doc. 21-1 at 1. That conclusion is a permissible one under the regulations governing ICE's custody reviews. See 8 C.F.Rrior. § 241.4(f)(6) (listing "[p]rior immigration violations and history" as a "factor [to] be weighed in considering whether to recommend further detention"); cf. Silva v. Moniz, 2021 WL 2953338, at *4 (D. Mass. July 14, 2021) (concluding ICE's "explanation provided complies with the regulations" where decision to continue detention turned on just one of the § 241.4(f) factors). To the extent that De Leon premises his argument on a failure by ICE to consider evidence that he submitted to demonstrate countervailing § 241.4(f) factors, he does not specify what that evidence was, making it impossible to assess whether

ICE considered it. See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed . . . .").

Third, generously construed, De Leon appears to suggest that he is entitled to release as a matter of substantive due process, intimating the kind of affirmative constitutional claim which the Supreme Court circumvented through constitutional avoidance in Zadvydas.[1] See generally G.P. v. Garland, 2024 DNH 001, 2024 WL 328435, at *5 (D.N.H. Jan. 29, 2024) (distinguishing constitutional grounds to challenge detention from statutory grounds under Zadvydas). However, to the extent that such a substantive due process right exists, it would not encompass De Leon's situation for the same

---

[1]    The potential substantive due process claim available to an alien who is indefinitely detained differs from the increasingly common procedural due process claim for prolonged detention. See, e.g., Rosales-Navares v. FCI Berlin, 2026 DNH 046, 2026 WL 1133463, at *3-4 (D.N.H. Apr. 27, 2026) (describing multi-factor framework for the latter). A significant distinction between the two is the remedies they afford: a substantive due process claimant seeks his outright release, while a procedural due process claimant seeks to rectify defective process. Compare DeWitt v. Ventetuolo, 6 F.3d 32, 34, 37 (1st Cir. 1993) (affirming release as habeas remedy in substantive due process challenge) with Tyler v. Long, 2022 WL 1756780, at *6 (D. Mass. May 31, 2022) (citing Carey v. Piphus, 435 U.S. 247, 264-65 (1978)) (noting proper remedy for procedural due process claim "would be limited to a court order to" redo defective process). Here, at a status conference with the Court, De Leon's counsel expressly disavowed any procedural due process theory apart from dissatisfaction with ICE's custody review under § 241.4, so I do not address whether De Leon's prolonged detention has otherwise grown constitutionally deficient as a matter of procedural due process.

principal reason that his <u>Zadvydas</u> claim fails: his detention is not indefinite.

In <u>Zadvydas</u>, the Court observed the constitutional problem presented by civil

detention "where [the] detention's goal is no longer practically attainable"

such that it could persist as an "indefinite, perhaps permanent, deprivation of

human liberty." 533 U.S. at 690, 692. That concern is not present here, where

detention serves to ensure that De Leon cannot abscond before the First

Circuit removes its stay on his removal—an eventuality which is certain to

occur, albeit at an uncertain time. His case thus far from implicates the

unanswered questions of substantive due process from <u>Zadvydas</u>.

## IV.  <u>CONCLUSION</u>

Because this order resolves the issues presented by De Leon's response

to my notice of his petition's dismissal absent cause shown, Doc. 22, his

petition shall be dismissed. The clerk shall enter judgment accordingly and

close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

July 15, 2026

cc:    Counsel of Record

6